IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Tonya Williams,<br><br>             Plaintiff,<br>v.<br><br>Law Offices of Scherr & McClure PA,<br><br>             Defendant. | Civil Action No.:  1:13-cv-01273<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Tonya Williams, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

4. The Plaintiff, Tonya Williams ("Plaintiff"), is an adult individual residing in Muskegon, Michigan, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Law Offices of Scherr & McClure PA ("Law"), is a Florida business entity with an address of 1064 Greenwood Boulevard, Suite 328, Lake Mary, Florida 32746, and is a "person" as defined by 47 U.S.C. § 153(10).

1

## FACTS

6. Within the last four years, Law contacted Plaintiff in an attempt to locate an individual unknown to Plaintiff.

7. At all times mentioned herein, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

8. When Plaintiff answered ATDS calls from Law, she would hear a prerecorded message intended for "Francisco", an individual about who Plaintiff has no knowledge.

9. Plaintiff never provided her cellular telephone number to Law, and has never given Law prior express consent to place ATDS calls to her.

10. In a conversation that took place during April, 2013, Plaintiff requested that Law cease placing autodial calls to her cellular phone.

11. Despite Plaintiff's request, and despite never having consent to place such calls, Law continued to harass Plaintiff with ATDS calls to her cellular phone at a rate of up to two calls on a daily basis.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Law called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

14.     Plaintiff did not provide her consent to be contacted on her cellular telephone and in fact instructed Law to stop all calls to her and cease calling her cellular telephone.

15.     Law continued to place automated calls to Plaintiff's cellular telephone using a prerecorded voice knowing that it lacked consent to call her number.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16.     The telephone number called by Law was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17.     The calls from Law to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and
2. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 22, 2013

                          Respectfully submitted,

                          By: /s/ Sergei Lemberg, Esq.
                          Attorney for Plaintiff Tonya Williams
                          LEMBERG LAW L.L.C.
                          1100 Summer Street
                          Stamford, CT 06905
                          Telephone: (203) 653-2250
                          Facsimile:   (888) 953-6237
                          Email: slemberg@lemberglaw.com